**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JENEITH DUNSON, | ) |
| Plaintiff, | ) |
| | ) 2:09-cv-02235-PMP-LRL |
| v. | ) |
| | ) **O R D E R AND RECOMMENDATION** |
| WACKENHUT SECURITY, *et. al.*, | ) |
| Defendants. | ) |

Pursuant to this court's Order (#2), plaintiff has submitted a second Application to Proceed *In Forma Pauperis* (#3). Plaintiff previously filed a Complaint (Att. 1 to Mot. (#1)) pursuant to 42 U.S.C. § 1983. The court finds that plaintiff is unable to prepay the filing fee. Further, although the court will dismiss the Complaint, it will do so without prejudice to allow plaintiff to cure the deficiencies listed below.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed *in forma pauperis* will be granted pursuant to § 1915(a).

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would

1  entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

2  In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russel v. Landrieu*, 621 f.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Plaintiff filed her Complaint on the court's civil rights complaint form for actions pursuant to § 1983. The substance of plaintiff's allegations reveals, however, that plaintiff is not alleging a civil rights violation under § 1983. The Complaint alleges that plaintiff's former employer, Wackenhut Security, and supervisor, Larry Palo ("Palo"), discriminated against her and ultimately terminated her employment because of her race and disability, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Title VII does not apply to claims of disability discrimination. The disability portion of plaintiff's claim is more properly construed as a claim falling under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.*

Plaintiff does not establish that the allegations are traceable to the state so as to fall under § 1983. *See Blum v. Yaretsky*, 457 U.S. 991, 1002-12 (1982) (private persons who are not government officials may be sued under § 1983, but they and their actions must be very closely tied to the government in order to be considered "acting under color of state law"). Moreover, § 1983 cannot be used to assert the violation of rights created only by Title VII. *Polson v. Davis*, 895 F.2d 705, 710 (10th Cir. 1990); *see also Igielnik v. NYC Human Res. Admin.*, 94 Civ. 0810 (HB), 1996 U.S. Dist. LEXIS 3635, at *7 (S.D.N.Y. Mar. 26, 1996) ("[A] Title VII claim precludes a § 1983 claim, unless the § 1983 claim is based on an alleged violation of some law other than Title VII."). Nor can § 1983 be used to assert the violation of rights created only under the ADA. *See e.g. Stevenson v. Indep. Sch. Dist. No.*

*1-038*, 393 F. Supp. 2d 1148, 1152 (W.D. Okla. 2005) ("The Court agrees with the circuits that have addressed this issue and holds that Plaintiffs cannot sue under § 1983 for violations of the ADA . . . ."). Hence, plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted under § 1983. Plaintiff will, however, be given an opportunity to amend her Complaint. The amended complaint must cure the deficiencies listed above.

Lastly, the court finds that plaintiff improperly asserts her Title VII and disability discrimination claims against Palo in his individual capacity. While Title VII allows persons to sue an employer for discrimination on the basis of race, color, religion, sex, or national origin, individuals may not be held personally liable under its rubric. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313-16 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *see also Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (citations omitted), *cert. denied sub nom.*, *Miller v. LaRosa*, 510 U.S. 1109 (1994). The same is true for claims of disability discrimination under the ADA. *See e.g. Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006) ("Because Title I of the ADA adopts a definition of "employer" and a remedial scheme that is identical to Title VII, [*Miller v. Maxwell*]'s bar on suits against individual defendants also applies to suits brought under Title I of the ADA."). Plaintiff's claims against Palo for race discrimination under Title VII and disability discrimination should therefore be dismissed.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that plaintiff shall file an amended complaint by April 15, 2010 or her case may be dismissed.

. . .

. . .

1     IT IS ALSO RECOMMENDED that defendant Larry Palo be dismissed with prejudice.

2     DATED this 18th day of March, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**